# EXHIBIT A

CAUSE NO. 319,561-C

| | | |
|---|---|---|
| KRISTIE LYNN MONTGOMERY | § § § | IN THE DISTRICT COURT |
| VS. | § § | BELL COUNTY, TEXAS |
| PHILLIP OSCAR KING, MICHAEL LOONEY TRUCKING LLC, CARY A. SEBASTIAN, AND CRUM TRUCKING INC. | § § § § | 169TH   JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW KRISTIE LYNN MONTGOMERY, hereinafter called Plaintiff, complaining of PHILLIP OSCAR KING, MICHAEL LOONEY TRUCKING LLC, CAREY A. SEBASTIAN, and CRUM TRUCKING INC., hereinafter called Defendants, and for cause of action would respectfully show the court the following:

### DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery in accordance with Rule 190.4 of the Texas Rules of Civil Procedure—a Level 3 Discovery Control Plan.

### JURISDICTION AND VENUE

Venue is proper in Bell County pursuant to Chapter 15.002 of the Texas Civil Practice & Remedies Code, in that this is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

Jurisdiction is appropriate in this Court in that this is a lawsuit seeking damages in excess of the minimum jurisdictional limits of the district courts in the State of Texas.

## PARTIES

Plaintiff KRISTIE LYNN MONTGOMERY is a resident of McGregor, McLennan County, Texas. The last three digits of Plaintiff's driver's license number are 094.

Defendant PHILLIP OSCAR KING is an individual who resides at 15009 Woodruff Ln, Trumann, Arkansas 72472 in Poinsett County. Defendant KING is a nonresident motorist who may be served with process through Agent of Service, J. Bruce Bugg, Jr., Chairman, Texas Transportation Commission, 125 E. 11 Street, Austin, Texas 78701-2483.

Defendant MICHAEL LOONEY TRUCKING LLC is a Foreign Limited Liability Company doing business in Texas. Defendant MICHAEL LOONEY TRUCKING LLC's corporate headquarters is located at 72 CR 636. Bay, Arkansas 72411. Defendant MICHAEL LOONEY TRUCKING LLC may be served with process by serving the Secretary of State, PO Box 12079, Austin, Texas 78711-2079 or Secretary of State James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701.

Defendant CARY A. SEBASTIAN is an individual who resides at 1676 S County Road 60 SW, Greensburg, Indiana 47240 in Decatur County. Defendant SEBASTIAN is a nonresident motorist who may be served with process through Agent of Service, J. Bruce Bugg, Jr., Chairman, Texas Transportation Commission, 125 E. 11 Street, Austin, Texas 78701-2483.

Defendant CRUM TRUCKING INC. is a Foreign Limited Liability Company doing business in Texas. Defendant CRUM TRUCKING INC.'s corporate headquarters is located at 1694 Lammers Pkwy, Batesville, Indiana 47006. Defendant CRUM TRUCKING INC. may be

served with process by serving the Secretary of State, PO Box 12079, Austin, Texas 78711-2079 or Secretary of State James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701.

## FACTS & CAUSES OF ACTION

At approximately 12:45 p.m. on May 11, 2019, Plaintiff KRISTIE LYNN MONTGOMERY was traveling northbound on Interstate 35 in Belton, Bell County, Texas, when a vehicle slowed for traffic ahead. Defendant PHILLIP OSCAR KING attempted to avoid the vehicle but was unable to do so due to his negligent operation of a motor vehicle. Defendant KING'S vehicle struck several vehicles before it jackknifed and left the road. In the following attempts to avoid Defendant KING'S vehicle, Defendant CARY A. SEBASTIAN'S vehicle struck another vehicle and propelled that vehicle into Plaintiff's vehicle. Defendant PHILLIP OSCAR KING and Defendant CARY A. SEBASTIAN, failed to control their speed, and failed to keep a proper lookout causing this crash. The collisions caused by Defendant PHILLIP OSCAR KING and CARY A. SEBASTIAN subjected Plaintiff to tremendous force, and caused her to suffer serious bodily injury.

### A. NEGLIGENCE OF PHILLIP OSCAR KING

Defendant PHILLIP OSCAR KING was negligent in various acts and omissions, which negligence was the proximate cause of the occurrence(s) in question. Defendant's negligence included, but is not limited to, the following:

1. Failure to keep a proper lookout;
2. Failure to timely apply brakes;
3. Failure to control the vehicle;
4. Failure to act and/or respond in a reasonable manner;

5. Failure to control his speed.

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiff.

### B. CAUSES OF ACTION AGAINST MICHAEL LOONEY TRUCKING LLC

At the time of the occurrence made the basis of this suit, Defendant PHILLIP OSCAR KING was acting within the course and scope of his employment with MICHAEL LOONEY TRUCKING LLC, making MICHAEL LOONEY TRUCKING LLC liable for the negligent acts of Defendant PHILLIP OSCAR KING under the doctrine of *respondeat superior*. Plaintiff would further show that as Defendant PHILLIP OSCAR KING was operating a motor vehicle owned by MICHAEL LOONEY TRUCKING LLC, there is a legal presumption that Defendant PHILLIP OSCAR KING was acting within the course and scope of MICHAEL LOONEY TRUCKING LLC's business while operating the vehicle. *See Robertson v. Tank Lines*, 468 S.W.2d 354, 357 (Tex. 1971).

Plaintiff would further show that on the occasion in question, and immediately prior thereto, Defendant MICHAEL LOONEY TRUCKING LLC was guilty of negligent entrustment, and knew or should have known that Defendant PHILLIP OSCAR KING was a negligent, reckless, or incompetent driver.

Plaintiff would further show, in addition or in the alternative, that Defendant MICHAEL LOONEY TRUCKING LLC is liable to Plaintiff for the negligent hiring and training of Defendant PHILLIP OSCAR KING. Defendant MICHAEL LOONEY TRUCKING LLC's employees regularly operate motor vehicles on its behalf. Defendant MICHAEL LOONEY TRUCKING LLC therefore owed a duty to people on Texas roads and highways to hire, supervise, train, or retain

competent employees. MICHAEL LOONEY TRUCKING LLC breached that duty by hiring someone it knew, or should have known, would be a negligent, reckless, or incompetent driver. MICHAEL LOONEY TRUCKING LLC further breached its duty to Plaintiff by failing to adequately train and/or supervise Defendant PHILLIP OSCAR KING regarding the operation of its motor vehicles. Defendant MICHAEL LOONEY TRUCKING LLC's negligent hiring and failure to adequately train and/or supervise Defendant PHILLIP OSCAR KING was a proximate cause of the accident and Plaintiff's damages in this case.

### C. NEGLIGENCE OF CARY A. SEBASTIAN

Defendant CARY A. SEBASTIAN was negligent in various acts and omissions, which negligence was the proximate cause of the occurrence(s) in question. Defendant's negligence included, but is not limited to, the following:

1. Failure to keep a proper lookout;
2. Failure to timely apply brakes;
3. Failure to control the vehicle;
4. Failure to act and/or respond in a reasonable manner;
5. Failure to control his speed.

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiff.

### D. CAUSES OF ACTION AGAINST CRUM TRUCKING INC.

At the time of the occurrence made the basis of this suit, Defendant CARY A. SEBASTIAN was acting within the course and scope of his employment with CRUM TRUCKING

INC., making CRUM TRUCKING INC. liable for the negligent acts of Defendant CARY A. SEBASTIAN under the doctrine of *respondeat superior*. Plaintiff would further show that as Defendant CARY A. SEBASTIAN was operating a motor vehicle owned by CRUM TRUCKING INC., there is a legal presumption that Defendant CARY A. SEBASTIAN was acting within the course and scope of CRUM TRUCKING INC.'s business while operating the vehicle. *See Robertson v. Tank Lines*, 468 S.W.2d 354, 357 (Tex. 1971).

Plaintiff would further show that on the occasion in question, and immediately prior thereto, Defendant CRUM TRUCKING INC. was guilty of negligent entrustment, and knew or should have known that Defendant CARY A. SEBASTIAN was a negligent, reckless, or incompetent driver.

Plaintiff would further show, in addition or in the alternative, that Defendant CRUM TRUCKING INC. is liable to Plaintiff for the negligent hiring and training of Defendant CARY A. SEBASTIAN. Defendant CRUM TRUCKING INC.'s employees regularly operate motor vehicles on its behalf. Defendant CRUM TRUCKING INC. therefore owed a duty to people on Texas roads and highways to hire, supervise, train, or retain competent employees. CRUM TRUCKING INC. breached that duty by hiring someone it knew, or should have known, would be a negligent, reckless, or incompetent driver. CRUM TRUCKING INC. further breached its duty to Plaintiff by failing to adequately train and/or supervise Defendant CARY A. SEBASTIAN regarding the operation of its motor vehicles. Defendant CRUM TRUCKING INC.'s negligent hiring and failure to adequately train and/or supervise Defendant CARY A. SEBASTIAN was a proximate cause of the accident and Plaintiff's damages in this case.

## DAMAGES

As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Plaintiff was caused to suffer and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

### A.   DAMAGES FOR KRISTIE LYNN MONTGOMERY

KRISTIE LYNN MONTGOMERY suffered the following damages:

a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident;
b. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;
c. Physical pain and suffering in the past;
d. Physical pain and suffering which, in reasonable probability, will be suffered in the future;
e. Mental anguish in the past;
f. Mental anguish which, in reasonable probability, will be suffered in the future;
g. Physical impairment in the past;
h. Physical impairment which, in reasonable probability, will be suffered in the future;
i. Loss of earnings in the past; and
j. Loss of earning capacity which, in reasonable probability, will be incurred in the future.

### B.   RULE 47 STATEMENT ON DAMAGES

By reason of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought. In accordance with Texas

Rule of Civil Procedure 47, Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.00.

## REQUEST FOR DISCLOSURE

Pursuant to and in accordance with Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within (50) days of service hereof, the information or material described in Rule 194.2(a)-(l).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with prejudgment interest (from the date of the injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**THE MCGUIRE FIRM, P.C.**
102 N. College St., Suite 301
Tyler, Texas 75702
Telephone: 903-630-7154
Facsimile: 903-630-7173
shane@mcguirefirm.com

**SHANE MCGUIRE**
State Bar No: 24055940

**LAW OFFICE OF KEITH MILLER**
100 E. Ferguson, Suite 101
Tyler, Texas 75702
(903)597-4090
(903)597-3692
keith@5974090.net

*/s/ Keith Miller*

**KEITH MILLER**
State Bar No: 14093750
**ATTORNEYS FOR PLAINTIFF**
